UNITED STATES of America, Plaintiff,

v.

INTERNATIONAL BUSINESS MACHINES CORPORATION, Defendant.

No. 69 Civ. 200 (DNE).

United States District Court, S. D. New York.

Dec. 28, 1977.

U. S. Dept. of Justice, Antitrust Div., Washington, D.C., for plaintiff.

Cravath, Swaine & Moore, New York City, for defendant.

## MEMORANDUM

EDELSTEIN, Chief Judge.

This court, upon motion by plaintiff, issued a Memorandum and Order on July 28, 1977, granting plaintiff leave to serve deposition subpoenas on 24 of defendant's witnesses.

Defendant has now moved this court for a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure regarding those 24 depositions. In addition defendant seeks to have such a protective order apply not only to those 24 depositions, but apply also to any additional depositions of defendant's witnesses in the event such depositions are permitted.

Defendant argues that no legitimate purpose can be served by repetition in these depositions of material covered by earlier depositions of these same individuals. Accordingly, defendant seeks an order "prohibiting plaintiff from seeking the production of documents already produced and from reasking questions at the upcoming depositions of IBM's trial witnesses that have previously been asked of and answered by those witnesses at earlier depositions."

Plaintiff opposes defendant's motion as being premature asserting that "(1) it addresses hypothetical abuses which are unlikely to occur, and (2) it seeks a blanket order which would preclude consideration of the varied factual settings applicable to different witnesses' testimony." Plaintiff states further that, even assuming *arguendo* defendant's entitlement to some *a priori* protective order, defendant's motion should be denied since it seeks (1) to limit production of documents either produced to the United States in this action or "made available" to the United States by counsel in other actions to which the United States was not a party; (2) to limit examination at the depositions even where the earlier depositions of these witnesses were by counsel for private parties in actions to which the United States was not a party; and (3) to impose arbitrary time limits on the depositions themselves.

Rule 26(c) authorizes the court to issue a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . (4) that certain matters not be inquired into, or that the scope of the discovery be limited to certain matters . . . ." However, the apprehension of abuse from which defendant seeks protection is merely speculative. Defendant itself points out that "plaintiff has not yet sought to take any of the depositions that it was permitted to take. . . ." Moreover, plaintiff represented repeatedly in its papers in support of its motion for leave to depose these 24 witnesses that the depositions would be "neither harassing, useless nor repetitious." There is nothing in the papers submitted with respect to the instant motion upon which a finding could be made that plaintiff's representations are in bad faith. In these circumstances, the court declines to issue a protective order. See *Neonex International Ltd. v. Norris Grain Co.*, 338 F.Supp. 845, 854 (S.D.N.Y. 1972); 4 J. Moore, *Federal Practice* ¶ 26.72 (2d ed. 1976).

Defendant's motion is in all respects premature, and accordingly the motion is denied.

So ordered.